# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIBEBE F. SAMUEL,<br>Plaintiff<br>v.<br>WELLS FARGO & COMPANY, *et al.*,<br>Defendants | Civil Action No. 17-2539 (CKK) |

## MEMORANDUM OPINION
(October 1, 2018)

This lawsuit centers on the alleged decision of Defendants Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively, "Wells Fargo") to deny a Home Affordable Modification Program ("HAMP") application filed by Genet Damtie in 2010. This case has been brought by Tibebe F. Samuel, an individual who allegedly represented Ms. Damtie in her dealings with Wells Fargo. Plaintiff claims that Wells Fargo treated him unfairly during Ms. Damie's HAMP application process.

On April 27, 2018, this Court granted in part and denied in part a prior Motion to Dismiss filed by Defendants. Order, ECF No. [16]; Memorandum Opinion, ECF No. [17]. The Court concluded that Plaintiff's contract claims and statutory claims were dismissed with prejudice for failure to state a claim on which relief can be granted. *Id*. at 7, 11-12. Plaintiff's fraud claim was dismissed without prejudice due to a failure to plead with particularity. *Id.* at 11. And, Plaintiff's defamation and related interference with business relations claims, which were based on statements allegedly made in 2016, were dismissed with prejudice as barred by the statute of limitations. *Id.* at 13-14.

But, Plaintiff was allowed to file a Second Amended Complaint setting forth his defamation and related interference with business relations claims based on statements allegedly

1

made by Defendants in March 2017, as those allegations were not barred by the statute of limitations. *Id.* at 14-16. Plaintiff's claims based on Defendants' alleged March 2017 statements had not been raised in his first Amended Complaint. Instead, these claims were raised only in his Opposition to Defendants' Motion to Dismiss. Plaintiff's Opposition to Defendants' Motion to Dismiss, ECF No. [14], 10. Accordingly, Plaintiff was allowed to file a Second Amended Complaint including these claims. Memorandum Opinion, ECF No. [17], 14-16.

Similar to his initial Complaint and his first Amended Complaint, Plaintiff's Second Amended Complaint is not a model of clarity or specificity. Plaintiff has asserted claims for tortious interference with prospective business relationships, defamation, and related interference with business relations. Within these claims, Plaintiff includes grounds for relief which the Court previously dismissed with prejudice.

Defendants have filed a Motion to Dismiss or, alternatively, to Strike Plaintiff's Second Amended Complaint. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as it currently stands, the Court GRANTS IN PART and DENIES IN PART Defendants' motion. The Court will not strike Plaintiff's Second Amended Complaint or any part thereof, but all claims which were previously dismissed with prejudice remain dismissed with prejudice. The Court also dismisses with prejudice Plaintiff's claim for interference with prospective business

---

[1] The Court's consideration has focused on the following documents:
- Defs.' Mem. Of Points and Authorities in Support of Defs.' Mot. to Strike Sec. Am. Compl. or, Alt., to Dismiss all Remaining Claims, ECF No. 20-1 ("Defs.' Mot.");
- Pl.'s Opp'n to Defs.' Mot. to Strike Sec. Am. Compl. or, Alt., to Dismiss all Remaining Claims, ECF No. 22 ("Pl.'s Opp'n"); and
- Defs.' Reply Mem. in Support of Defs.' Mot. to Strike Sec. Am. Compl. or, Alt., to Dismiss All Remaining Claims, ECF No. 25 ("Defs.' Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

relationships as Plaintiff has failed to adequately plead the elements of the offense. However, Defendants' motion to dismiss is denied as to Plaintiff's new claims for defamation and interference with business relations as those claims are based on Defendants' March 2017 statements and are not time barred.

## I. BACKGROUND

For the purposes of the motion before the Court, the Court accepts as true the well-pleaded allegations in Plaintiff's Second Amended Complaint. The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in the United States*, 758 F.3d 296, 315 (D.C. Cir. 2014).

The factual background of this case is discussed in the Court's April 27, 2018 Memorandum Opinion. *See* Memorandum Opinion, ECF No. [17]; *see also Samuel v. Wells Fargo & Co.*, 311 F. Supp. 3d 10, 14-17 (D.D.C. 2018). The Court does not repeat that discussion but assumes familiarity with it and expressly incorporates it herein.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

### A. Claims Previously Dismissed with Prejudice

In its April 27, 2018 Memorandum Opinion granting in part and denying in part Defendants' prior motion to dismiss, the Court explicitly instructed Defendant to file a Second Amended Complaint setting forth Plaintiff's claims for defamation and interference with business relations based only on Defendants' alleged March 2017 statements and "omit[ting] claims that the Court has dismissed with prejudice." Memorandum Opinion, ECF No. [17], 16. Despite this clear statement, Plaintiff's Second Amended Complaint still requests relief for claims which the Court previously held to be dismissed with prejudice. Plaintiff continues to assert nebulous allegations based on unspecified "misrepresentations," "deceptive" and "false statements," unfulfilled "promises" and the general history of Ms. Damtie's HAMP application. Additionally, rather than making a claim for defamation and interference with business relations based only on Defendants' alleged March 2017 statements, Plaintiff continues to rely on Defendants' alleged statements from 2016, which the Court has already dismissed as time barred. *See generally* Sec. Am. Compl., ECF No. [19].

Defendants ask this Court to strike Plaintiff's Second Amended Complaint or portions thereof as unresponsive to the Court's April 27, 2018 Order. As a general rule, motions to strike are disfavored. *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981). And, Plaintiff's claims which have previously been ruled upon can be dealt with by dismissal with prejudice. Accordingly, the Court DENIES Defendants' motion to strike.

While Plaintiff's Second Amended Complaint is not a model of clarity, the Court reads the complaint to assert only three claims: tortious interference with prospective business relationships, defamation, and related inference with business relations. *See* Sec. Am. Compl., ECF No. [19], 3, 8. The Court understands statements in the Second Amended Complaint which are unrelated to these three claims to be references to the previous pleadings rather than new allegations or claims. *See* Pl.'s Opp'n, ECF No. [22], 6 ("Some of the statements in the second amended complaint are reference to the previous pleadings as a reference not allegations."). Accordingly, the Court need not address these extraneous statements, and will instead rule on Plaintiff's three asserted claims.

The only allegations clearly presented in Plaintiff's Second Amended Complaint which the Court has previously dismissed with prejudice are Plaintiff's allegations of defamation and interreference with business relations based on Defendants' alleged 2016 statements. In its April 27, 2018 Memorandum Opinion, the Court dismissed with prejudice as time barred any claims based on Defendants' alleged 2016 statements. Memorandum Opinion, ECF No. [17], 13-15. Despite the Court's clear order, these claims are again brought in Plaintiff's Second Amended Complaint. Accordingly, Plaintiff's claims for defamation and interference with business relations based on Defendants' alleged 2016 statements are DISMISSED WITH PREJUDICE for the same reasons they were initially dismissed with prejudice: they are untimely. *Id.*

**B. Interference with Prospective Business Relationships**

In addition to reasserting claims which had already been dismissed with prejudice, Plaintiff also asserts a new claim for interference with prospective business relationships. This claim was not included in Plaintiff's initial Complaint or in his first Amended Complaint. Plaintiff never asked for leave to amend his complaint to include this claim, and the Court never

granted leave to amend Plaintiff's complaint to include this claim. *See* Fed. R. Civ. Pro. 15(a)(2) (explaining that the court's leave is required to amend a pleading more than 21 days after serving it). Nevertheless, the Court will entertain this claim. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (providing relaxed pleading standards for pro se plaintiffs).

To allege interference with prospective business relationships, a plaintiff must plead: "(1) the existence of a valid business relationship or expectancy, (2) knowledge of the relationship or expectancy on the part of the interferer, (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy, and (4) resultant damages." *Command Consulting Group, LLC v. Neuraliq, Inc.*, 623 F. Supp. 2d 49, 51-52 (D.D.C. 2009) (internal quotations omitted). Defendants argue that Plaintiff has failed to plead the elements necessary for a claim of interference with prospective business relationships. The Court agrees.

Plaintiff alleges that "[b]ecause plaintiff spent time and resources on this case, plaintiff could not pursues [sic] other prospective businesses, which included other HAMP application [sic] for other additional clients." Sec. Am. Compl., ECF No. [19], 8. These facts, taken to be true, are insufficient to state a claim of interference with prospective business relationships. Plaintiff failed to plead the existence of a valid business relationship or expectancy, which requires the probability of a specific future contractual or economic relationship. *See Neuraliq*, 623 F. Supp. 2d at 52-53. Rather than alleging a specific prospective business relationship with which Defendants intentionally interfered, Plaintiff merely claimed that Defendants' actions left him without the time and resources to pursue other clients. This vague allegation is insufficient to state a claim for which relief may be granted. *See Williams v. Fed. Nat'l Mortg. Ass'n*, 2006 WL 1774252, at *8 (D.D.C. June 26, 2006) (explaining that claims in which the plaintiff failed to specifically name the parties with whom the plaintiff had a business expectancy could not

support a claim of interference). Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's claim of interference with prospective business relationships.

**C. Defamation and Related Interference with Business Relations based on Defendants' Alleged March 2017 Statements**

In its April 27, 2018 Memorandum Opinion granting in part and denying in part Defendants' prior motion to dismiss, the Court ordered that "Plaintiff shall file a Second Amended Complaint that sets forth Plaintiff's defamation and interference with business relations claim based on the statement allegedly made by Defendants in March of 2017." Memorandum Opinion, ECF No. [17], 16. Allegations of Defendants' alleged March 2017 statements were not made in Plaintiff's initial Complaint or in his first Amended Complaint. Instead, the allegations were presented for the first time in Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's first Amended Complaint. Plaintiff's Opposition to Defendants' Motion to Dismiss, ECF No. [14], 10. There, Plaintiff indicated that Defendants had made false and defamatory statements about him to Ms. Damtie in March 2017 which caused her to find new representation for her HAMP application. Plaintiff attached to his Opposition what purported to be a letter from Ms. Damtie to Plaintiff indicating as much. *See Id.*, Ex. E. Specifically, Ms. Damtie wrote that in her "conversation with [a] Wells Fargo customer service representative on March 28, 2017, I have been informed that they have been trying to get in touch with you in [sic] multiple occasions and they are unable to reach you." *Id.* She went on to explain that Wells Fargo indicated that the inability to reach Plaintiff was part of the reason why Ms. Damtie's HAMP application had not been granted. *Id.* In his Second Amended Complaint, Plaintiff claims that this statement defamed him and interfered with his business relationship with his client.

7

The statute of limitations for defamation in the District of Columbia is one year. *See Jin v. Ministry of State Sec.*, 254 F. Supp. 2d 61, 68 (D.D.C. 2003) (citing D.C. Code § 12-301(4)). Because Plaintiff's tortious interference with business relations claim is based entirely on the same set of underlying facts as Plaintiff's defamation claim, it is also subject to the one-year statute of limitations for defamation claims. *See Browning v. Clinton*, 292 F.3d 235, 244 (D.C. Cir. 2002) (holding that when a tortious interference claim is based solely on allegedly defamatory remarks, it is "intertwined" with plaintiff's defamation claim and therefore subject to the same one-year statute of limitations). Defendants present two arguments for why Plaintiff's claims should be dismissed as time barred. The Court concludes that neither of Defendants' arguments are meritorious.

First, Defendants argue that Plaintiff's allegation regarding Defendants' March 2017 statements does not relate back to the first Amended Complaint. Plaintiff's claim regarding Defendants' alleged March 2017 statements was pleaded for the first time as a factual allegation in the Second Amended Complaint, filed on May 30, 2018. This is more than one year from the time the statements were allegedly made in March 2017. Accordingly, to be timely, the claim must relate back to Plaintiff's first Amended Complaint which was filed within the statute of limitations. Defendants argue that the claim does not relate back and is, therefore, untimely.

An amendment to a complaint relates back to the filing of the complaint if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. of Civ. Pro. 15(c)(1)(B). An amendment does not arise out of the same conduct, transaction, or occurrence as the original pleading if the amended claim "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650

8

(2005). Put another way, an amendment that shares some elements and some facts in common with the original pleading will still not relate back if it has the effect of faulting defendants for conduct that is different from that alleged in the original complaint. *Jones v. Bernanke*, 557 F.3d 670, 674 (D.C. Cir. 2009).

Here, the claim set forth in the amended pleading is different in time from the claims in the original pleading. The claims in the first Amended Complaint are based on comments which Defendants allegedly made in 2016, and the amendment is based on comments which Defendants allegedly made in 2017. But, the Court concludes that the amendment is sufficiently similar in type to the original claim to relate back. Both the first Amended Complaint and Plaintiff's amendment allege that Defendants made comments about being unable to reach Plaintiff, resulting in a delay of Ms. Damtie's HAMP application. In both the first Amended Complaint and the amendment, Plaintiff asserts a claim of defamation and interference with business relations based on Defendants' alleged comments. *Compare* Plaintiff's Am. Compl., ECF No. [9], 14-15 *with* Plaintiff's Sec. Am. Compl., ECF No. [19], 8-9. Though the dates the statements were made differ, Plaintiff alleges the same type of harm.

Based on the similarity of the claims, the Court concludes that Plaintiff's amendment concerns the same conduct, transaction, or occurrence as his original pleading and relates back to his first Amended Complaint. The first Amended Complaint was filed on January 22, 2018, so Defendants' alleged March 2017 statements are within the one-year statute of limitations for defamation and related interference with business relations claims.

Second, Defendants argue that Plaintiff's claims were not tolled by the filing of the first Amended Complaint because "'once a suit is dismissed, even if without prejudice, the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have

9

continued running from whenever the cause of action accrued, without interruption by that filing.'" *Battle v. District of Columbia*, 21 F.Supp.3d 42, 47 (D.D.C. 2014) (quoting *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 672 (D.C. Cir. 2004)). Accordingly, Defendants contend that the statute of limitations continued running on Plaintiff's claims until he filed his Second Amended Complaint on May 30, 2018, which is outside the statute of limitations.

But, Defendants' argument rests on a flawed premise: this suit was never dismissed. In its April 27, 2018 Order, the Court dismissed many of Plaintiff's claims in his first Amended Complaint. Order, ECF No. [16]. But, the court did not dismiss the entire suit with or without prejudice. Instead, the suit remained pending and Plaintiff was allowed to file a Second Amended Complaint setting forth his defamation and interference with business relations claims based on Defendants' alleged March 2017 statements. *Id*. The Court specifically noted that, after the Order, "[b]oth Defendants shall remain in the case." Memorandum Opinion, ECF No. [17], 16 n.14.

Because the suit was never dismissed, the tolling effect of filing Plaintiff's first Amended Complaint was not wiped out. And, because Plaintiff's claims relate back to the first Amended complaint filed on January 22, 2018, Plaintiff's defamation and related interference with business relations claims based on Defendants' alleged March 2017 statements are timely.

Besides arguing that Plaintiff's claims are time barred, Defendants provide no other argument for why the Court should dismiss Plaintiff's defamation and interference with business relations claims based on Defendants' alleged March 2017 statements. Accordingly, Plaintiff may proceed with these claims.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS-IN-PART and DENIES-IN-PART Defendants' Motion to Strike Second Amended Complaint or, Alternatively, to Dismiss All Remaining Claims. The Court will not strike any portion of Plaintiff's Second Amended Complaint. Instead, the Court will DISMISS WITH PREJUDICE all claims in Plaintiff's Second Amended Complaint which were previously dismissed with prejudice in the Court's April 27, 2018 Order, including Plaintiff's defamation and related interference with business relations claims based on Defendants' alleged 2016 statements. The Court will also DISMISS WITH PREJUDCE Plaintiff's claim of interference with prospective business relationships for failure to state a claim. But, the Court DENIES Defendants' Motion to Dismiss Plaintiff's defamation and related interference with business relations claims based on Defendants' alleged March 2017 statements as these claims are not time barred. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge